[No. 6703. Decided July 26, 1907.]

MARIE HAB, *Respondent*, v. THE CITY OF GEORGETOWN, *Appellant*.[1]

HIGHWAYS—LOCATION—WIDTH OF ROAD—NOTICE. Under Code of 1881, § 2971, providing that all county roads shall be sixty feet in width unless, on the prayer of the petitioners, the county commissioners shall determine on a less width, the commissioners have power to fix a less width upon the prayer of any of the petitioners at the hearing, without giving any new notice, as the law did not require the notice to state the width petitioned for.

SAME. Upon a prayer by petitioners for a county road, to fix the width at thirty feet, under Code 1881, § 2971, the county commissioners have a discretion to determine upon a width of forty feet.

SAME—COMPENSATION—WAIVER—EMINENT DOMAIN. A petition to the county commissioners by an abutting owner to open a forty-foot county road to the width of sixty feet, does not grant the right to take his abutting property without compensation.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 10, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to restrain a city from taking property for street purposes. Affirmed.

*I. H. Randolph* and *Wilson & Thorgrimson*, for appellant. *Smith & Cole*, for respondent.

MOUNT, J.—This action was brought to enjoin the city of Georgetown from taking a strip of land, fifteen feet wide, from respondent's property for street purposes. The trial court decreed five feet of the land in dispute to the appellant as a public highway, but enjoined the appellant from taking the remaining ten feet. The city appeals from that part of the decree which restrains it from using the ten feet of respondent's property for highway purposes.

[1]Reported in 91 Pac. 10.

The material facts, as agreed to by the parties, are, in sub-
stance, as follows: In the year 1863, a county road sixty
feet wide leading in a southerly direction from Seattle, pass-
ing respondent's property, to a point on the Duwamish river,
was established, laid out, and opened by the board of county
commissioners of King county. Since that time the center
line of the road has been continuously used and maintained at
public expense. The location of the center line of the road
has not been changed in front of respondent's property. On
February 4, 1879, a petition was filed with the county com-
missioners asking for a review and relocation of this road.
The petition was granted, viewers appointed, and notice given,
as required by law therefor. On May 3, 1879, the viewers'
report was filed. Two days later a petition was filed by cer-
tain of the petitioners for the relocation of the road, request-
ing the county commissioners to fix the width of the relocated
road at thirty feet along certain portions thereof. The com-
missioners on that day, May 5, 1879, entered an order re-
locating the road as petitioned for, but fixed the width thereof
at forty feet, and directed the road to be laid out and opened,
which was done by the county surveyor, and the road, as so
laid out and opened, was approved by the county commis-
sioners on May 16, 1879. Thereafter the property owners
about the point in question fenced up their property by plac-
ing their fences on the lines of their lots as platted, which
left only thirty feet of the road open to the public, and this
thirty feet of road has been used by the public since that time.
The fences have encroached upon the road for a distance of
five feet for about thirteen years. Respondent, during that
time, had occupied this portion of the street with certain
sheds. On February 5, 1906, a petition was filed praying the
city council of Georgetown, which was incorporated long
after the road was established, as aforesaid, by the county of
King, to open the highway to the width of sixty feet. The
respondent signed said petition. Thereafter the city removed
the fences and sheds owned by respondent, and was about to

occupy the premises of respondent to the extent of thirty feet from the center line of the road; whereupon this action was begun to restrain the city from taking more than fifteen feet from the center line of the road.

The appellant contends that the petition requesting the county commissioners to fix the width of the road at thirty feet, and the order of the commissioners fixing the width thereof at forty feet, were void because no notice was given. It is conceded that proper notice of the relocation of the road was given as required by law, and that the petition was silent as to the width of the road. The statute then in force provided that "all county roads shall be sixty feet in width, unless the county commissioners shall, upon the prayer of the petitioners for the same, determine on a less number of feet in width." Code of 1881, § 2979. Under this statute, where no width was fixed by order of the board of county commissioners, the statute fixed the width at sixty feet. *Sumner v. Peebles,* 5 Wash. 471, 32 Pac. 221, 1000.

Under the petition for relocation, the board of county commissioners had jurisdiction to fix the width at sixty feet. The board also had jurisdiction to fix the width at less than sixty feet, upon the prayer of the petitioners. While the record in this case does not show that the petitioners who asked to have the width fixed at thirty feet were all of the original petitioners, it does show that they were interested in the road, and no objections appear to have been made to the order as made by the county commissioners. Since the board of county commissioners had jurisdiction to act upon the petition and to grant the whole of the sixty feet, we are of the opinion that the board had power to fix the width of the road at any number of feet less than sixty, upon the prayer or request of any of the petitioners at the hearing. The statute did not require the petition or notice to state the width of the proposed road, but to state only "the place of beginning, the intermediate points, if any, and the place of termination of said road." Code of 1881, § 2971. A new notice, therefore,

would have afforded no more information to the public than the old notice had given.

We are also of the opinion that the board of county commissioners were not bound by the prayer of the petitioners. The board having acquired jurisdiction to establish or locate the road, might use their own judgment and fix the road at such width less than sixty feet as the circumstances and facts seemed to warrant. This being so, it follows that the road laid out in 1863 was altered by the relocation of the same road in 1879, so that thereafter the road was only forty feet in width. The appellant was, therefore, not authorized to take the property of the respondent more than twenty feet from the center line of the road. The fact that the respondent, signed the petition to the city council to open a road sixty feet in width in front of her property, did not of itself grant the city the right to take any part of respondent's property without compensation.

The judgment of the trial court appears to be right, and is therefore affirmed.

HADLEY, C. J., ROOT, CROW, and FULLERTON, JJ., concur.